IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Marie Assa'ad-Faltas, MD, MPH, | ) C/A No. 3:12–cv-02991-TLW-SVH |
| Plaintiff, | ) |
| vs. | ) |
| Jean Toal, *as administrative head of all SC's state courts and all their subordinates who intend to injure Plaintiff, all solely officially and solely for injunctive relief*; Daniel Shearouse, *as Clerk of SC's Supreme Court and all their subordinates who intend to injure Plaintiff, all solely officially and solely for injunctive relief*; Mark Keel, *as Chief of SC's State Law Enforcement Division (SLED) and all their subordinates who intend to injure Plaintiff, all solely officially and solely for injunctive relief*; Leroy Smith, *as Head of SC's Department of Public Safety and all their subordinates who intend to injure Plaintiff, all solely officially and solely for injunctive relief*; Leon Lott, *as Sheriff of Richland County SC and warden of the Alvin S Glenn Detention Center (ASGDC) and all their subordinates who intend to injure Plaintiff, all solely officially and solely for injunctive relief*; James R. Barber, III, *as SC's Fifth Judicial Circuit's Administrative Judge and all their subordinates who intend to injure Plaintiff, all solely officially and solely for injunctive relief*; Daniel Johnson, *as SC's Fifth Judicial Circuit's Solicitor and all their subordinates who intend to injure Plaintiff, all solely officially and solely for injunctive relief*; | ) |

| | |
|---|---|
| Jeanette McBride, *as Richland County's Clerk of Court and all their subordinates who intend to injure Plaintiff, all solely officially and solely for injunctive relief*; | ) ) ) |
| Roslynn Frierson, *as Director of SC's Office of Court Administration and all their subordinates who intend to injure Plaintiff, all solely officially and solely for injunctive relief*; | ) ) ) ) ) |
| Steven Benjamin, *as Mayor and all members of the City of Columbia (the City) Council and all their subordinates who intend to injure Plaintiff, all solely officially and solely for injunctive relief*; | ) ) ) ) ) |
| all members City of Columbia Council; | ) |
| Steve Gantt, *manager for the City and all their subordinates who intend to injure Plaintiff, all solely officially and solely for injunctive relief*; | ) ) ) |
| Dana Turner, *falsely bearing a title of Chief Administrative Judge of the City's Municipal Court (CMC) and all their subordinates who intend to injure Plaintiff, all solely officially and solely for injunctive relief*; | ) ) ) ) ) |
| Randy Scott, *falsely bearing a title of the City's Chief of Police and all their subordinates who intend to injure Plaintiff, all solely officially and solely for injunctive relief*; | ) ) ) ) |
| Marion Hanna, *falsely bearing the title of CMC judge and all their subordinates who intend to injure Plaintiff, all solely officially and solely for injunctive relief*; | ) ) ) |
| Ken Gaines, *supposed attorneys for the city and all their subordinates who intend to injure Plaintiff, all solely officially and solely for injunctive relief*; | ) ) ) |
| Robert G. Cooper, *supposed attorneys for the city and all their subordinates who intend to injure Plaintiff, all solely officially and solely for injunctive relief*; | ) ) ) |
| | ) |
| _____ | ) ) ) ) |

| | |
|---|---|
| Robert G. Cooper, *supposed attorneys for the city and all their subordinates who intend to injure Plaintiff, all solely officially and solely for injunctive relief*; | ) ) ) |
| Dana M. Thye, *supposed attorneys for the city and all their subordinates who intend to injure Plaintiff, all solely officially and solely for injunctive relief*; | ) ) ) |
| David A. Fernandez, *supposed attorneys for the city and all their subordinates who intend to injure Plaintiff*, | ) ) ) |
| Defendants. | ) ) |

**ORDER**

This matter is now before the Court for consideration of the Motion of plaintiff, Marie Assa'ad-Faltas ("plaintiff"), for Temporary Restraining Order. (Doc. #7).

Plaintiff seeks injunctive relief in the form of a temporary restraining order, which is governed by the same general standards that govern the issuance of a preliminary injunction. Hoechst Diafoil Co. v. Nan Ya Plastics Corp., 174 F.3d 411, 422 (4th Cir. 1999). A plaintiff seeking injunctive relief must establish each of the following four elements: (1) the likelihood that the plaintiff will succeed on the merits; (2) the likelihood of irreparable harm to the plaintiff if the injunction is not granted; (3) that the balance of equities tips in his or her favor; and (4) that the injunction is in the public interest. Winter v. Natural Res. Defense Council, Inc., 555 U.S. 7, 19–20 (2008); The Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346–47 (4th Cir. 2009), overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977). Moreover, a plaintiff must demonstrate more than the mere "possibility" of irreparable harm because injunctive relief is an extraordinary remedy that may only be awarded upon a clear showing

that plaintiff is entitled to such relief. See Real Truth, 575 F.3d at 346 (citing Winter, 555 U.S. at 19–22).

After careful consideration, this Court finds that the plaintiff has failed to establish all of the elements required for the issuance of a temporary restraining order. Therefore, the plaintiff's Motion for Temporary Restraining Order (Doc. #7) is **DENIED.**

**IT IS SO ORDERED**.

s/ Terry L. Wooten
TERRY L. WOOTEN
United States District Judge

October 19, 2012
Florence, South Carolina